# SOLOMON GOLDBERG *vs.* ROBERT L. FELDMAN.

*Stipulation that Restrictive Covenant in Conveyance Shall be Satisfactory to the Vendor—Good Faith in Expression of Dissatisfaction—Time of Giving Possession of Land Sold.*

When a contract for the sale of a parcel of land provides that a covenant, which shall be satisfactory to the vendor, restricting the sale of liquor on the land, shall be inserted in the deed of conveyance; and the vendor, acting in good faith, in the exercise of his judgment, upon the advice of his counsel and not from mere caprice or with dishonest motive, refuses to execute the deed tendered to him, on the ground that the language of the restrictive covenant therein contained is not satisfactory, his determination is conclusive, and a bill against him for specific performance will be dismissed.

A contract for the sale of a house and lot stipulated that the deed of conveyance should contain a covenant to the effect that no spirituous or malt liquors should be sold on the premises conveyed for a period of five years, and an additional covenant that the grantee should pay to the grantor and his personal representatives the sum of $50 per day for every day on which the sale of such liquor should be permitted on the premises, and also that such covenants should be satisfactory to the vendor. The deed prepared by the purchaser and tendered to the vendor for execution contained these restrictions as independent covenants at its end, while the vendor's counsel insisted that they should be recited in the deed as constituting a part of the consideration of the conveyance. *Held*, that since there might be a doubt whether these covenants would run with the land if not made a part of the consideration, the vendor's refusal to execute the deed proffered upon the ground that the covenants were not satisfactory to him, was not unreasonable, and the purchaser is bound by the vendor's action in rejecting the deed for this reason.

If the agreement for the sale of land mention no time for the delivery of possession and the land was then in the possession of a tenant under a lease, the purchaser is not entitled to demand possession at the time of the execution of the deed of conveyance.

*Decided June 25th, 1908.*

Appeal from the Circuit Court No. 2, of Baltimore City (ELLIOTT, J.).

The bill of complaint in this case was filed by Robert L. Feldman, the appellee, against Solomon Goldberg, the appellant, for the purpose of obtaining the specific execution of the following agreement:

"This agreement, made this 23rd day of March, in the year 1906, between Solomon Goldberg, of the first part, and Robert L. Feldman, of the second part, both of the city of Baltimore, State of Maryland,

Witnesseth, that said Goldberg hereby agrees to sell to said Feldman, and said Feldman agrees to purchase from said Goldberg, the leasehold property, in the city of Baltimore, known as 1401 East Pratt street; subject to the following terms and conditions:

1st. That said property is subject to a ground rent of seventy-five dollars.

2nd. That said property shall be free from encumbrances and have a good and marketable title.

3rd. That the balance of the purchase price shall be paid not later that May 1st, 1906.

4th. That the deed conveying the property from the said Goldberg to said Feldman shall contain a covenant to the effect that no saloon or restaurant business conducted for the sale of spirituous or malt liquors shall be conducted on the premises within a period of five years, from the date hereof, and with an additional covenant that said Feldman, his personal representatives and assigns, shall pay to said Goldberg, and his personal representatives, the sum of fifty dollars per day for every day in which a saloon or restaurant or business for the sale of spirituous or malt liquors shall be conducted in said premises; this prohibition not to apply to the sale of patent or proprietary medicines.

The purchase price of said property is four thousand dollars, and the said Goldberg hereby acknowledges receipt of the sum of one hundred dollars as deposit upon said purchase price.

It being expressly understood and agreed that the said Goldberg shall have the right and option to declare this

agreement null and void, and to retain said deposit of one hundred dollars upon the happening of either the following conditions:

1. Should the balance of said purchase price not be paid within the time herein limited.

2. Should the deed presented to said Goldberg for execution of said property not contain the covenants, satisfactory to the said Goldberg, prohibiting the sale of spirituous or malt liquors in said premises, and in either of said events all rights hereunder shall be and remain as if these presents had never been executed.

It being furthermore understood and agreed that should title not be a good and marketable one, the said deposit shall be returned by said Goldberg to said Feldman.

As witness the hands and seals of the parties hereto in duplicate the day and year first above written.

Sol Goldberg, (Seal.)
Robert L. Feldman, (Seal.)

Test:
    Heinrich Turk."

The draft of a consideration clause and of a form of the covenants to be contained in the deed, such as would be satisfactory to Mr. Goldberg, was prepared by his attorney, Mr. Rosenbush, and a copy sent by messenger to the office of Mr. Stewart, the attorney for Mr. Feldman, on the morning of May 1st, 1906.

The copy of this draft as it appears in the record is as follows: "In consideration of the sum of                  and the performance of the covenants and conditions hereinafter mentioned to be performed by the said Robert L. Feldman, his heirs, personal representatives and assigns, the said Solomon Goldberg does hereby grant and unto said, etc., and the said Robert L. Feldman, for himself, his heirs, personal representatives and assigns, hereby covenants with the said Solomon Goldberg, his heirs and personal representatives and assigns will not seek nor suffer or permit to be conducted a saloon or restaurant business in, upon or about the said premises, for a

period of five years from the date hereof; and should it at any time or times during the aforesaid period of five years any malt or spirituous liquors to be sold in, upon, or about said premises by anyone, or should at any time or times, during said period a saloon or restaurant business be conducted in, upon, or about said premises, by anyone, then and upon the happening of either of said events, and as often as the same shall happen, the said Robert L. Feldman, for himself, his heirs, personal representatives and assigns, hereby covenants and agrees with the said Solomon Goldberg, his heirs and personal representatives, to pay to the said Solomon Goldberg, his heirs and personal representatives the sum of fifty dollars for each and every day, or fraction of a day, that any malt or spirituous liquors shall be sold in, upon or about said premises, or that the saloon or restaurant business shall be conducted in, upon, or about said premises.

This prohibition not to apply to the sale of patent or proprietary medicines."

Several deeds were prepared by Mr. Stewart and submitted to Mr. Rosenbush for his approval, but as none of them conformed to the draft prepared by him and sent to Mr. Stewart, the attorney for Mr. Feldman, as above stated, they were all rejected as unsatisfactory.

The deed last submitted conformed in all respects to this draft, except that it was not recited in the consideration clause that the covenants to be performed by Feldman were part of the consideration for making the deed, and except that in these covenants Feldman did not expressly bind "his heirs" as well as his personal representatives and assigns.

On May the 1st, 1906, the sum of $3,900, that being the balance of the purchase money for the property, was tendered to Mr. Goldberg by Mr. Feldman, and at the same time the deed above mentioned, was presented to him for his signature and acknowledgment, but he refused to accept the money or to execute the deed on the ground that his attorney, Mr. Rosenbush, did not approve of the form and phraseology in which the deed was drawn.

He testified, however, that he left everything to his attorney and that he would have executed at that time any deed which his attorney advised him would properly protect him in the matter of the sale of liquors on the premises, if such a deed had been presented to him.

Mr. Stewart, the attorney for Feldman, insisted that the deed last prepared by him and submitted to Mr. Rosenbush, was a full compliance with the terms of the contract, and that its rejection was wholly indefensible. Another circumstance upon which Mr. Goldberg relied for refusing to execute the deed was that in a letter from Mr. Stewart, Feldman's attorney, the latter stated that "We shall insist upon having possession of the property at the time of settlement and would like an hour fixed for settlement."

The objection of Mr. Goldberg to this demand was that there was no such stipulation in the contract of sale. This suit. for specific performance was accordingly brought by his client, Mr. Feldman, against Mr. Goldberg, and a decree for specific execution obtained. · From that decree, Mr. Goldberg brings this appeal.

The cause was argued before BOYD, C. J., PEARCE, SCHMUCKER, BURKE and WORTHINGTON, JJ.

*Myer Rosenbush*, for the appellant.

*Hyland P. Stewart*, for the appellee.

WORTHINGTON, J., delivered the opinion of the Court, after making the foregoing statement of facts.

The substantial question in this case is whether Goldberg was justified, on. legal grounds, in refusing to execute the deed last presented to him for execution by Feldman, on May 1st, 1906.

In considering this. question, we must bear in mind that it was stipulated in the contract of sale that the deed to be presented to Goldberg for execution, conveying the property to Feldman, should contain a certain covenant to the effect that

no spirituous or malt liquors should be sold on the premises conveyed for a period of five years from the date of the agreement, and an additional covenant that Feldman, his personal representaves and assigns should pay to Goldberg and his personal representatives, the sum of fifty dollars per day for every day on which the sale of such spirituous or malt liquors should be permitted on the premises; and also that it was expressly understood and agreed that such covenants should be satisfactory to Goldberg.

It was shown by the evidence that Goldberg, who was himself a saloon keeper carrying on business on the corner diagonally across the street from the premises in question, desired the covenant precluding the sale of spirituous or malt liquors on these premises to be made explicit in the deed, because a former saloon keeper on the same premises had been the cause of great annoyance to him, so much so indeed that he had bought the property in question in order to prevent any other person from obtaining it for saloon purposes.

He therefore required it to be inserted in the agreement of sale, that the covenants in the deed should be satisfactory to him.

The decision of the case therefore largely depends upon the proper construction of this requirement.

An examination of a number of cases upon the question as to how far the exercise of the option to reject a thing as unsatisfactory, is to be controlled by reason and good faith, discloses some contrariety of opinion on the subject; the Courts, in some cases, holding that such an option may be exercised arbitrarily and even capriciously, in others, that it must be done *bona fide* and for good cause.

For instance it has been held that one who has contracted for a satisfactory title, cannot be compelled to accept a title not satisfactory to him, even though it appears to be altogether unobjectionable. *Crigler* v. *Blair*, 4 Ohio Cir. Ct. 324; *Silsby Mfg. Co.* v. *Chico*, 24 Fed. 893.

In the case of *B. & O. R. R. Co.* v. *Brydon*, 65 Md. 225, in disposing of a motion for reargument, JUDGE ALVEY used

the following language:    "In cases where it is stipulated that
an article to be furnished shall, unqualifiedly, be satisfactory
to the party to whom it is to be supplied, the right to reject
the article as not being satisfactory cannot be inquired into;
but the party's own determination must be taken as final and
conclusive.    In such cases it is supposed and such is the con-
struction, that the party reserved to himself an unqualified
option, and is not willing to leave his freedom of choice to
any contention, or to be subjected to any investigation what-
ever."

In commenting on this language of JUDGE ALVEY, this
Court, in the case of *Latrobe* v. *Winans*, 89 Md. 650, speak-
ing through JUDGE PEARCE says:    "An examination of the
cases cited by JUDGE ALVEY, above, discloses that they all
relate either to the manufacture or furnishing of some *article*,
or the rendering of some service, involving personal taste,
feeling or judgment, such as the painting of a portrait; the
execution of a statue or bust; the making of a suit of clothes
or lady's dress; the manufacture of a bookcase to harmonize
with the other house furnishings; the sale of a riding or driv-
ing horse; the use of a reaping machine; or similar instances."
*    *    "But we have been referred to no case in which these
principles have been applied to the title to land, and we do
not think it follows from any of the cases cited, that they
would be so applied."

In *Taylor* v. *Williams*, 45 Mo. 80–81, it is held that where
a man agreed to buy property if he should be satisfied with
the title it meant that he was not bound to take the property
so long as his objection to the title was not captious or unrea-
sonable.    In another case it was held that the objections
must not be capricious or spring from dishonest design.

While the case at bar is not one concerning title, it bears
some relation thereto, as it concerns the requirements of a
deed of conveyance containing covenants on the part of the
grantee that shall be satisfactory to the grantor, and we think
that the correct rule, governing a case like this was laid down
in *Harris* v. *Miller*, 11 Fed. Rep. 118–122, where the Court

said: "An agreement by which the plaintiffs were to execute a bond to the defendants, to their satisfaction, meant that if in the exercise of their judgment, acting on the best information conveniently within their reach, the defendants in good faith concluded that the bond was not sufficient, the plaintiffs were bound by their action."

Applying this rule to the present case we are to determine whether Goldberg in refusing to execute the deed last presented to him for execution acted in good faith upon such information as was conveniently within his reach, or whether he acted from mere caprice and dishonest motive. As he, very properly, was governed by the advice of his counsel in the matter, the question really is whether his attorney in advising him not to sign the deed acted honestly according to his best judgment, and upon such legal knowledge as a practicing attorney ought to possess, or such as he could conveniently obtain.

Now it cannot be fairly assumed that the subject of covenants in deeds is one wholly free from difficulty. Many learned disquisitions are found in the books in regard to the subject, but it still presents legal niceties, the risks and uncertainties of which no prudent attorney should readily undertake to advise his client to assume. We are therefore not prepared to say that Mr. Rosenbush's demands were wholly unreasonable. There are expressions, indeed, to be found in the books which might seem to warrant Mr. Goldberg's attorney in insisting on the covenants being recited in the deed as part of the consideration for the conveyance. Thus it is said in 2 *Sudg. Vend.*, 468–484: "Only real covenants run with the land, and these only when the covenants have entered into the consideration for which the land, or some interest therein to which the covenant is annexed, passed between the covenantor and the covenantee. See also *Bouvier Law Dict.*, title "Covenant."

In 1 *Washburn on Real Property*, at p. 330, is found the following statement in regard to covenants: "And so far as a covenant imposing a burden upon land is held to run with

the estate or otherwise, the rule as stated by GOULD, J., may, perhaps, be still more definite, intelligible and easy of application, depending upon whether such covenant entered or not into the original consideration upon which the conveyance with which it is connected was made."

Without determining whether the *dicta* from these standard text books are applicable to the present case or not, they at least furnish some grounds to a practicing attorney for insisting that the rule of law therein expressed be complied with, when a deed is being prepared for his client to execute, containing covenants intended to protect his client in respect to a matter of great importance to him.

Besides this, it is to be observed that there was, by the terms of the agreement, to be a covenant in the deed in addition to the one prohibiting the sale of spirituous and malt liquors on the premises, by which additional covenant the grantee was to bind himself to pay to the grantor $50 per day for every day that the first or principal covenant was not strictly kept and observed.

This latter covenant was, necessarily, to be in the nature of a bond with conditions, in which the sum named above was no doubt intended as liquidated damages in case of a breach of the first or principal covenant. Now the question of what are liquidated damages and what are not is often a difficult question for an attorney to answer. As was said by this Court in the case of *Wilson* v. *Baltimore,* 83 Md. 211, "Whether a sum named in a contract to be paid by a party in default on its breach is to be considered liquidated damages or merely a penalty, is one of the most difficult and perplexing inquiries encountered in the construction of written agreements; the solution of the question depending on the facts and circumstances of each particular case." In this case if the covenants were made a part of the consideration for the conveyance, that fact would certainly strengthen the contention that the sum named should be taken and considered as liquidated damages, and not as a mere penalty; for just compensation for the injury done by the breach of a covenant is

what the law aims to accomplish. *Willson* v. *Baltimore*, *supra*.

Here then we think was additional reason why Mr. Goldberg's attorney might reasonably insist on the covenant in the deed being a part of the consideration for the conveyance.

As to the use of the word "heirs," after the name of the covenantor, Feldman, as insisted on by Mr. Goldberg's attorney, inasmuch as the decree must be reversed for the reasons already given, the determination of that question is not necessary to a decision of this case and we will not consider it.

But there is another ground upon which we think the action of Mr. Goldberg in refusing to execute the deed may be justified.

In one of his notes to Mr. Rosenbush, written and delivered to him by Mr. Stewart on May 1st, 1906, that being the last day upon which under the terms of the agreement, the sale could be consummated, Mr. Stewart said: "We shall insist upon having possession of the property at the time of settlement, &c."

Now the contract of sale contains no provision as to when possession should be given. It appears that a tenant was already in possession of the property and it might not have been possible for Mr. Goldberg to induce him to vacate forthwith, so as to be able to give the purchaser immediate possession at the time of the settlement.

It was in evidence that notice had been given this tenant to vacate but had he refused to do so, it would have prevented Goldberg from complying with this demand.

As the time when possession was to be given was not mentioned in the agreement, Mr. Feldman's attorney could not make a demand for immediate possession a condition upon which he would carry the agreement into effect.

As we cannot find that Mr. Goldberg's demands, as to the character of the deed to be executed by him, were prompted by caprice or dishonest design, we think counsel for Feldman erred in not yielding his own judgment to these demands. The fact that Goldberg's attorney framed the covenants which

he desired to be incorporated in the deed and sent a copy of the draft to Mr. Stewart in abundant time to enable him to have a deed prepared in accordance with Goldberg's wishes, indicates a desire on the part of the latter to consummate the transaction in good faith, and we are unable to see how the use of the phraseology of this draft could injure the covenantor, if he meant in good faith to observe the covenants to be entered into by him. The addition of four or five lines to the deed prepared by Mr. Stewart and the abandonment by him of the claim for immediate possession would have been a full compliance with the demands of Mr. Goldberg's attorney, and thereby this litigation would have been avoided.

We do not deem it necessary to pass upon the objections to testimony as the case turns almost entirely upon the documentary evidence which was admitted without objection.

It follows from what we have said that the decree of the lower Court must be reversed and the bill dismissed with costs.

*Decree reversed and bill dismissed.*